All right. Oh, my goodness. Here comes our caboose. Okay. Appeal 163346-163905, United States v. Bradley Dearborn. And it's Kristen Nelson. Good afternoon, Your Honors. May it please the Court, my name is Kristen Nelson, and I represent the defendant, Bradley Dearborn. The District Court abused its discretion when it refused to reopen Mr. Dearborn's pre-Franks hearing, despite being presented with substantial new evidence that undercuts the credibility of witnesses used to secure the search warrant. This Court's longstanding decisions in United States v. Duran and United States v. Scott require the District Court to reopen Mr. Dearborn's suppression hearing based on the new evidence he presented. Now, he failed to challenge the motion to suppress in the initial appeal. So how is that issue before us when the remand is only for resentencing? Well, there was new evidence discovered. This case was remanded back in February of 2015. In December of 2015, Mr. Dearborn presented evidence that the confidential informant and the affluent of the search warrant, Officer May, were both found to be not credible in an unrelated Illinois state case. So he could not have presented this new evidence at the time of the initial appeal. And he's not seeking to withdraw his guilty plea, is he? It depends on what happens with this, because he would like to go back and have the opportunity to have a Franks hearing. He would like for the Court to rule on this new evidence, which it failed to really do during the resentencing. So he does understand the risks involved. So, during the legal proceedings, Mr. Dearborn has consistently challenged a few different things regarding the search warrant. During the original District Court proceedings, the motion to suppress, he presented evidence that the affluent of the search warrant, Officer May, omitted relevant details regarding the confidential informant in the affidavit in support of the search warrant. Furthermore, Mr. Dearborn presented evidence that Officer May included misleading statements on the affidavit statements that seemed to imply certain audio and video referenced in the search warrant application were of a particular quality. And the District Court found this reference troubling, but they didn't think it was enough to grant Mr. Dearborn's request for a Franks hearing. But now we have this new evidence, and it's substantial evidence, that Officer May and one of the confidential informants used to secure the search warrant were found not credible in this unrelated Illinois state case. And he told the court in a sentencing memorandum about this information. He offered to supplement the record, if the court wanted, with the transcript from this Illinois state case proceeding. He also informed the court that one of the C.I.S. was also found to be not credible in this same case. And the government, during resentencing, seemed to know what Mr. Dearborn was asking the court to do, that he was asking them to reopen his suppression hearing. Because during resentencing, the government argued that he couldn't raise any search or warrant challenges because of his guilty plea. But as the court reminded the government, he had preserved his right to appeal the denial of the motion to suppress and the Franks hearing. So once that was sorted out, the government next tried to argue that this evidence wasn't relevant. This evidence was not relevant because two years had passed between Mr. Dearborn's indictment and the finding of the witnesses to be not credible. But this is where I argued that the district court abused its discretion in agreeing with the government, and they found this evidence not relevant, and the alternative waived. Because the court has made clear, both in United States v. Duran, and then in United States v. Scott, that in a situation where witnesses' conduct is of the type that directly calls his credibility into question, then reopening the suppression hearing is required. And as this court may recall, in Duran, it was denied the motion to reopen the suppression hearing because the evidence presented to the court was different than what the evidence was for Duran. But in this case, it's exactly the same. Mr. Dearborn has said, Officer May is not credible, the CI is a liar, and now Officer May has been found to be not credible in an unrelated state case, and the CI has been found to be also not credible. Now, if this court accepts the government's argument that the issue was not squarely presented during resentencing on the motion to suppress and reopening it, then even under a plain error standard of review, I believe this case should be remanded. Because there was an error. The court did not reopen the pre-Frank's hearing, and it was clear, as I said, under Duran and Scott, it was required based on this new evidence. And I believe it's substantial evidence. Furthermore, it affected Mr. Dearborn's substantial rights because the evidence was not suppressed. And the district court's error seriously impugned the fairness and integrity of the judicial proceedings. So for these reasons, I believe, based on the evidence, and as required in Scott and Duran, this case should be remanded so the district court can hold a Frank's hearing. Thank you. Mr. Phillips, back again. Couldn't resist. You must enjoy it here. Very much. Very much. May it please the court, Sega Phillips on behalf of the United States. Your Honors, the defendant is asking this court to find the district court erred when it failed to provide him with relief that he never asked for and which violates this court's mandate rule. Counsel point out that the mandate rule should not be followed because there is new evidence. That's not entirely the test. The mandate rule instructs that on remand, the district court is limited to an order or remand unless extraordinary circumstances, and that's where the extraordinary circumstances comes in. One of them is significant new evidence. Frankly, this is not significant new evidence. The defendant was charged with four counts. Two of them were for actual distribution, and those happened before the search warrant, and two of them arose from information that came from the search warrant. What he pled guilty to was the two distributions that happened before the search warrant. In fact, at page 29 of the appendix, when he's addressing the court after the court says, you know, I'd rather you not address me, he says, I know about these inconsistencies because I was there for the two. That's what he pled guilty to. So whether or not some part of the Franks hearing would have been affected by this new evidence, which would have never been known to the court, obviously because it was years, it developed years later, is irrelevant. That's not the type of significant new evidence that might overcome the mandate. He never filed a motion to withdraw the guilty plea. The answer now that, well, we'd like to see what happens here doesn't change that fact. He never asked for that relief. The whole point of his sentencing memorandum was to argue, as he concluded, that there was a lot of misinformation. You should not take into account all of that relevant conduct. The proper range is 21 to 27 months. That's what he was asking for. This idea that the court somehow erred by failing to both sua sponte, withdraw his guilty plea, and then consider whether Frank's hearing is, quite frankly, meritless. At this point, he's been transferred to a federal correctional institution. Is there any possibility that he would be transferred back to a state correctional facility at any time in which he's serving this sentence, or is the issue clearly moot? The issue is moot. There is no suggestion, and this was not this counsel's brief, of course, but that he would be back in state custody. Thank you. If there are no further questions, the government will rest on its brief. Thank you. Is it moot? Hello? Pardon? Is that moot? I actually was not a part of that part of the appeal. That is a separate issue. Okay. I can't really speak to that. Okay. So, regarding this appeal and regarding the pre-Frank's hearing, first, I'm not aware of any situation where, in requesting a motion to reopen a suppression hearing, that Mr. Dearborn would have had to withdraw his guilty plea on remand. So, I'm not really sure that that is required in order for this court to find that, yes, there was an effort made to reopen the suppression hearing. Furthermore, as I said before, the government made clear they knew what Mr. Dearborn was trying to do during resentencing when they said, no, he waived this. He can't challenge the suppression issue. And once the court said, no, he can, then it became an issue, well, it's not relevant. So, what the government is saying today versus what the government was saying during sentencing are two different issues. I do think this is significant new evidence. Counsel, if the evidence concerns two counts he did not plead to, why is it relevant? Well, I believe part of the search warrant was based on these observed buys. So, that would be a part of suppressing it. Because what he has maintained is that Officer May wasn't trustworthy, and I believe it was on Officer May's observations and on this audio that was a part of the plea. He did admit those. During the plea, yes, he did. Sales, right? Okay. And... I guess it's a little hard for me to see how those counts would be undermined. Based on his statements during the plea policy? Yeah. And that... If you had a Franks hearing. That could be a challenge for Mr. Dearborn. But I think from Mr. Dearborn's perspective, he felt his rights were violated based on the fact that this officer was not trustworthy or reliable in securing the search warrant, and the CIs were not reliable as well. And that seemed to be what the court relied upon during the motion to suppress was that reliability that was given and now that's been undermined based on this new evidence. So, thank you. I'm asking for it to be remanded so that Mr. Franks, or Mr. Dearborn can have a Franks hearing. Thank you so much for taking on this appeal and for doing such a nice job for your client. Thank you. You have the thanks of the court. Government always has the thanks of the court. This court is in recess until the next time.